UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROBERT RODRIGUEZ,

                                Plaintiff,

    vs.                                                9:19-CV-1608
                                                        (MAD/TWD)

DEBORAH J. MCCULLOCH, *Executive Director at C.N.Y.P.C.*, LORI SCHATZEL, *Director of Outpatient Operations*,

                                Defendants.

_____

APPEARANCES:                                   OF COUNSEL:

**ROBERT RODRIGUEZ**
191-047
CNYPC
Post Office Box 300
Marcy, New York 13403
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **ERIK BOULE PINSONNAULT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On December 26, 2019, Plaintiff *pro se* Robert Rodriguez ("Plaintiff"), an individual civilly committed at the Central New York Psychiatric Center ("CNYPC"), in the custody of the New York Office of Mental Health ("OMH"), commenced this action under 42 U.S.C. § 1983

alleging that Defendants violated his federal constitutional rights under the Eighth Amendment. *See generally* Dkt. No. 1.[1]

On March 16, 2020, Defendants filed a motion to dismiss the complaint, arguing that the complaint must be dismissed because Plaintiff's claims are not ripe for review, that Plaintiff fails to state a claim upon which relief can be granted , and that Plaintiff's claim for injunctive relief fails to meet the exception to Eleventh Amendment immunity. *See generally* Dkt. No. 13-1. Plaintiff submitted his response to the Court on June 3, 2020, with Defendants' reply following on June 11, 2020. *See* Dkt. Nos. 21, 22.[2]

## II. BACKGROUND

Construed liberally, Plaintiff asserts Eighth Amendment medical indifference and failure-to-protect claims against Defendant Deborah McCulloch, the Executive Director of CNYPC, and Defendant Lori Schatzel, the Director of Outpatient Operations at CNYPC (collectively "Defendants"). Plaintiff suffers from "anti-social personality disorder, and unspecified stress disorder," and "has been diagnosed as a Level 1 S.V. (serious mental illness violent)." Dkt. No. 1 at 4. Plaintiff is currently "on his fifth admission to CNYPC." *Id.* at 6. After being discharged from CNYPC to the custody of the Department of Corrections and Community Supervision ("DOCCS") on prior occasions, Plaintiff alleges that he engaged in multiple acts of self-harm and attempted suicide on at least twelve occasions, and has suffered "beatings" "at the hands of

---

[1] Plaintiff also filed a motion for preliminary injunctive relief, *see* Dkt. No. 4, which was denied by this Court without prejudice on March 2, 2020. *See* Dkt. No. 12.

[2] As per this Court's Text Order dated May 22, 2020, Plaintiff's response deadline was extended to June 4, 2020, and Defendants' reply deadline was extended to June 11, 2020. *See* Dkt. No. 20. Therefore, Plaintiff's prior response to Defendants' motion dated March 24, 2020, *see* Dkt. No. 15, as well as Defendants' prior reply in further support of their motion dated April 2, 2020, *see* Dkt. No. 16, will be considered in addition to the later-filed response and reply.

2

correction officers." *See id.* at 4–7.  Plaintiff alleges that Defendants "both know that plaintiff is a suicide risk." *Id.* at 6.  Plaintiff further alleges that he wrote several letters to Defendant Schatzel and had in-person conversations with her in which he "explain[ed] the problems he was having at D.O.C.C.S" and "ma[de] her fully aware that he would kill himself." *Id.* at 8.  Plaintiff also claims that a letter was sent to Defendant McCulloch by Prisoners' Legal Service of New York requesting that Plaintiff remain in inpatient treatment "to get the help that he needs," and that Defendant McCulloch "showed disregard and let plaintiff be discharged[,]" after which he "again tried to kill himself several times." *Id.* at 8.  Plaintiff seeks only injunctive relief ordering that he remain in "the custody of OMH where he can continue to receive the inpatient treatment that he so desperately needs[.]" *Id.* at 9.

Defendants now move to dismiss Plaintiff's complaint.  *See* Dkt. No. 13-1.  The merits of this motion will be addressed herein.

### III. DISCUSSION

**A.    Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are

3

neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ." *Id.* (internal citations omitted). Both the movant and the pleader are permitted to use affidavits and other pleading materials to support and oppose the motion to dismiss for lack of subject matter jurisdiction. *See Makarova v. United States*, 201

4

F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

Courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss or motions for summary judgment. *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). "A document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

**B.     Ripeness**

Defendants first argue that Plaintiff's complaint should be dismissed because his claims are not ripe for review. *See* Dkt. No. 13-1 at 4–5. "Because a motion to dismiss for lack of

subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) concerns a court's 'very power to hear the case,' that issue should be decided first." *West 95 Housing Corp. v. New York City Dep't of Hous. Pres. & Dev.*, No. 01 CIV 1345, 2001 WL 664628, *3 (S.D.N.Y. June 12, 2001) (citing *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155–56 (2d Cir. 1993)).

"To be justiciable, a cause of action must be ripe—it must present a real, substantial controversy, not a mere hypothetical question. Ripeness is peculiarly a question of timing. A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all. The doctrine's major purpose is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (citations and internal quotation marks omitted). Claims are not ripe if they depend upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985).

Here, Defendants argue that Plaintiff's claims are not ripe because, to the extent Plaintiff alleges that he may be discharged from CNYPC back to a DOCCS prison facility at some point in the future, this allegation is purely speculative. *See* Dkt. No. 13-1 at 5. The Court agrees with Defendants. Plaintiff's claims are not ripe because they are "contingent future events that may never occur as anticipated, or indeed may not occur at all"; namely, Plaintiff cannot assert claims based upon the supposition that, at some point in the future, he may be discharged from CNYPC back to a DOCCS facility. *Thomas*, 473 U.S. at 580–81. Accordingly, Plaintiff's claims are dismissed.

C.     **Failure to State a Claim**

Even assuming that the Court had jurisdiction over this action, dismissal is still appropriate because Plaintiff fails to state a claim upon which relief can be granted.

As stated previously, Plaintiff alleges two separate Section 1983 claims: deliberate indifference and failure to protect. "Most courts analyze such allegations 'as an Eighth Amendment claim dealing with the inadequate provision of medical care.'" *Barrett v. Livingston Cnty.*, No. 14-CV-6593, 2019 WL 1083027, *8 (S.D.N.Y. Mar. 7, 2019) (quoting *Bell v. Gillani*, No. 10-CV-1577, 2013 WL 5304188, *10 n.14 (N.D.N.Y. Sept. 19, 2013)); *see also Allah v. Kemp*, No. 08-CV-1088, 2010 WL 1036802, *3–4 (N.D.N.Y. Feb. 25, 2010) (construing the plaintiff's claims based on allegations that "Defendants failed to provide him with mental health evaluation and treatment [for a period of time,] notwithstanding the fact that he had attempted suicide three days before he arrived at Upstate, and despite the fact that Plaintiff's health records advised of his need for such care" as "alleging the deprivation of proper and adequate medical care").

To state an Eighth Amendment claim for medical indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1970). "In the Second Circuit, it is equally clear that psychiatric or mental health care 'is an integral part of medical care' and falls under the rule laid out in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] which requires that such care be provided to prisoners." *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 408 (S.D.N.Y. 2005) (quoting *Langley v. Coughlin*, 888 F.2d 252, 254 (2d Cir. 1989)). Thus, deliberate indifference by prison officials to an inmate's serious mental health needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The objective component of an Eighth Amendment deliberate indifference claim "requires that 'the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). Under the subjective element, the defendant must act "with a sufficiently culpable state of mind." *Smith v. Carpenter,* 316 F.3d 178, 183–84 (2d Cir. 2013) (citation omitted). "Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citation omitted). "Prison officials are not obligated to provide inmates with whatever care the inmates desire. Rather, prison officials fulfill their obligations under the Eighth Amendment when the care provided is 'reasonable.'" *Jones v. Westchester Cnty. Dept. of Corr*., 557 F. Supp. 2d 408, 413 (S.D.N.Y. 2008) (citing *Salahuddin*, 467 F.3d at 280) (other citation omitted). An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle*, 429 U.S. at 105–06.

Upon review, accepting the material facts alleged in the complaint as true and drawing all inferences in Plaintiff's favor, the complaint does not state a plausible claim that Defendants were, or are currently, deliberately indifferent towards Plaintiff's mental health needs. As Defendants describe, "OMH provides in-patient services at CNYPC for inmates requiring more intensive treatment than those inmates receiving OMH monitoring or treatment at DOCCS facilities, and such inmates are assessed by professionals to determine the level of mental health services they require and assigned to facilities which have at least the identified level of services needed." Dkt. No. 13-1 at 8. As to Defendant Schatzel, Plaintiff alleges that he told her both in letters and in person the "problems [Plaintiff] was having at DOCCS" and that Plaintiff "asserted that he would

8

kill himself." Dkt. No. 1 at 8. Plaintiff also now states that this Defendant has a "spot on the discharge committee . . . [and] did not delay or cancel the transfers." Dkt. No. 21 at ¶ 30. As to Defendant McCulloch, Plaintiff alleges that Prisoners' Legal Services of New York sent this Defendant a letter "advocating for plaintiff to remain in inpatient treatment to get the help that he needs," but that Defendant McCulloch "let plaintiff be discharged." Dkt. No. 1 at 8. Plaintiff also now claims that, at some point in the past, he wrote letters to this Defendant and "[s]he did not reply to me." Dkt. No. 21 at ¶ 22.

However, neither the complaint nor Plaintiff's response provide any supported indication of Defendants' role in any decisions made as to Plaintiff's previous discharges from CNYPC to a DOCCS facility. Furthermore, as Plaintiff is seeking only injunctive relief, the complaint provides no information as to how these Defendants would be deliberately indifferent towards Plaintiff in the future if they did participate in any decisions as to Plaintiff's mental health treatment or potential discharge. Moreover, Plaintiff's complaint fails to assert any facts suggesting that Defendants disregarded any excessive risk to Plaintiff's health; as such, it is fatally deficient and should be dismissed. *See, e.g.*, *Groves v. New York*, No. 9:09-CV-412, 2010 WL 1257858, *8 (N.D.N.Y. Mar. 1, 2010) (collecting cases).

### IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss is **GRANTED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 22, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge